**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**RON AND TAMMY SHARLENE INGRAM;**
**CONNER CHRISTIAN INGRAM, A Minor;**
**And CHRISTOPHER JARON INGRAM, A Minor;**
**By And Through Their Mother, TAMMY**
**MICHELLE INGRAM**                                         **PLAINTIFFS**


**VERSUS**                              **CIVIL ACTION NO. 2:06cv117KS-MTP**


**GUIDEONE MUTUAL INSURANCE COMPANY;**
**And JOHN DOE DEFENDANTS A, B And C**                     **DEFENDANTS**



### MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Guideone's Motion for Summary Judgment **[#31]** pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:


### FACTUAL BACKGROUND

When Hurricane Katrina struck on August 29, 2005, GuideOne insured the plaintiffs' home located at 657 Weathersby Road, Hattiesburg, Mississippi, and which was damaged by the storm. The plaintiffs submitted a claim to the defendant to cover the repairs to the home. GuideOne alleges that it covered every item of damage that

the plaintiffs brought to its attention, including reimbursement for repairs to the plaintiffs'

roof.  On October 24, 2005, GuideOne adjuster Carey Smith re-inspected the plaintiffs'

home for possible water damage in the walls after complaints by the plaintiffs that prior

remedial measures had failed to remedy the problems with spots and stains on walls

and ceilings.  Although Mr. Smith did not find any mold, he still hired ServPro to check

for any problems.  ServPro reported back to Mr. Smith that they did not find any

problems related to storm damage attributable to Hurricane Katrina.  Nevertheless,

GuideOne paid ServPro $665.00 to clean the heating and cooling system air ducts of

the plaintiffs' residence.

      The plaintiffs allege that they continued to have problems with stains and spots

on the walls and ceilings of the home.  In an effort to discover the cause of the

problems, Tammy Sharlene Ingram purchased a mold testing kit from the local Home

Depot sent samples of the allegedly damaged areas of the residence to a company

called Pro-Lab.  According to the plaintiff, Pro-Lab returned a report on November 17,

2005, stating that mold was present and the only remedy was to remove and replace

everything infected.  To this end, the plaintiffs allege that they have spent more than

$20,000 remediating and repairing the mold infested areas of the home which they

contend was caused by Katrina.  The plaintiffs never advised the defendant of this

alleged finding and never made any further claims under their policy because they claim

that adjuster Smith told them that GuideOne would pay for no more repairs.

      The plaintiffs filed suit against GuideOne on May 3, 2006, alleging that they

suffered property damage and personal injuries from mold damage resulting from

damage caused by Katrina.  The plaintiffs assert causes of action for fraudulent and/or

negligent misrepresentation, breach of contract, bad faith, negligence and breach of implied covenant, duty of good faith and fair dealing.  This action was originally placed under a case management order on September 20, 2006, which was amended at the plaintiffs' request to extend the expert and discovery deadlines.  The plaintiffs' deadline for submitting their expert reports under the amended CMO was June 1, 2007. Discovery is now closed and the plaintiffs have failed to designate any expert or submit any expert report.

**<u>STANDARD OF REVIEW</u>**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

5

GuideOne's motion is supported by the affidavit of Carey Smith, the GuideOne adjuster who handled the plaintiffs' claim.  According to Smith's sworn testimony, GuideOne paid every item that the plaintiffs' submitted for reimbursement and they have not refuted this.  The checks issued to or on behalf of the plaintiffs total $20,042.07.  It is undisputed that GuideOne did not deny a single item that the plaintiffs submitted for reimbursement.  Further, GuideOne asserts that it was not even aware that the plaintiffs were unhappy or contended that GuideOne did something wrong until it was served with the Complaint in this action.

All of the plaintiffs' claims are based on the premise that GuideOne refused to pay at least part of the plaintiffs' underlying damage claim.  But there is no evidence before the court to support this premise.  The only record evidence on this issue is the affidavit of Carey Smith, which establishes that GuideOne did not refuse to pay any of the plaintiffs' claim.  The plaintiffs' only contention to the contrary is that Smith told the plaintiffs at some point that GuideOne would pay for no more damage claims, so they (the plaintiffs) elected not to submit any more.  Smith, of course, denies the allegation that he told the plaintiffs, in effect, that it would be useless for them to submit any further claims.  Regardless, it is clear that no claims beyond those paid by the defendant were submitted for payment by the plaintiffs, thus, none were denied.

## PUNITIVE DAMAGES UNDER MISSISSIPPI LAW

The plaintiffs have filed this action as a bad faith breach of contract claim.  It is well settled Mississippi law that an insurance company which unreasonably refuses to pay a legitimate claim may be subjected to punitive damages.  It is equally well settled

6

that "[p]unitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort." *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975). Neither are punitive damages recoverable "if an insurance company has a legitimate or an arguable reason for failing to pay a claim." *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 248 (Miss.1977).

Thus, for punitive damages to be recoverable under Mississippi law, (1) there must have been an absence of a legitimate or arguable reason for denying the claim; and (2) the insurance company must have committed a wilful or malicious wrong, or acted with gross and reckless disregard for the rights of the insured. Both of these elements must be present. *See Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620 (Miss.1988). However, punitive damages are not favored under Mississippi law and are considered an extraordinary remedy allowed "with caution and within narrow limits." *Veal*, 354 So.2d at 247.

Punitive damages are to be assessed only in extreme cases. See *Gardner v. Jones*, 464 So. 2d 1144, 1148 (Miss. 1985). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Bristow*, 529 So.2d at 622. Further,

> [a]s a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.

*Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.*, 759 So.2d 1203, 1215

(Miss.2000) (citing *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150-51,141 So.2d 226, 233 (1962)).  *See also*, *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437, 442 (Miss.1999).  "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule."  *Id.* (citing 15 Am.Jur., Damages, Sec. 265, p. 698). When deciding whether to submit the issue of punitive damages to a trier of fact, the court is required to examine the totality of the circumstances as established by the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard in order to justify the imposition of punitive damages. See *Ross-King-Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996).

Based on the foregoing well settled principles of law, the Mississippi Supreme Court has instructed that "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct . . . evidences willful or wanton conduct or the commission of fraud.  *Bradfield v. Schwartz*, --- So.2d ----, 2006 WL 1350051, *5 (Miss. 2006).  The *Bradfield* Court went on to discuss the statutory procedure for the determination of whether the issue of punitive damages should ultimately be presented to the jury.  In so doing, the court quoted the language of Miss. Code Ann. § 11-1-65 which provides

(1) In any action in which punitive damages are sought:

(a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive

8

damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

(b) In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.

(c) If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact.

(d) The court shall determine whether the issue of punitive damages may be submitted to the trier of fact; and, if so, the trier of fact shall determine whether to award punitive damages and in what amount.

Miss. Code Ann. § 11-1-65(1)(a)-(d).


## ANALYSIS

The court finds that there is simply no evidence before the court that the defendant breached the insurance contract. Conclusory allegations that Smith told the plaintiffs that GuideOne would pay no further claims is insufficient to present a triable issue of fact. It remains undisputed that the plaintiffs did not submit any additional claims that the defendant refused to pay.

The defendant also argues that it is entitled to summary judgment on the basis that the plaintiffs cannot prove causation. Defendant contends that the plaintiffs have failed to provide any admissible evidence that their home was indeed infested by mold. The only evidence offered in this regard is the hearsay affidavit of Tammy Ingram that samples she sent to Pro-Lab indicated the presence of mold. In order to prevail on

their claim related to mold, the plaintiffs must offer expert testimony demonstrating that the mold infestation in their home was caused by damages from Hurricane Katrina or some other covered event.  *See Smith v. ADT Sec. Services, Inc.,* 2006 WL 2792389 (S. D. Miss., 2006); *Qualls v. State Farm Lloyds*, No.:03cv2072N, 226 F.R.D. 551, 552 (N.D.Tex. March 30, 2005); and *Kemnerer v. State Farm Ins. Co.*, No. 01cv5445, 2004 W.L. 87017, at *3 (E.D. Pa. Jan 19, 2004).  The hearsay affidavit of Tammy Ingram will not suffice.

The plaintiffs also claim physical injuries as a result of the alleged mold infestation.  In order to prevail on their claims for physical injury, the plaintiffs must demonstrate "by a reasonable medical probability through expert testimony that [their] alleged injuries were caused by mold exposure." *Smith v. ADT Sec. Services, Inc., Id.* at *4;(citing *Bryant v. Metric Prop. Mgmt., Inc.*, No. 4:03cv212Y, 2004 WL 1359526, at *7 (N.D. Tex. June 17, 2004); *see also Roche v.. Lincoln Prop. Co*, 278 F.Supp.2d 744, 750 (E.D.Va.2003) (stating that the lack of expert testimony is fatal to a plaintiff's claim for specific physical injury resulting from mold exposure)).  *See generally Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988) (holding that expert testimony is required to prove that a toxic substance caused a specific physical injury).  As stated previously, plaintiff offers no expert testimony to support any of their claims.

IT IS THEREFORE ORDERED that the defendant Guideone's Motion for Summary Judgment **[#31]** is Granted and the plaintiffs' Complaint is dismissed with prejudice and any other pending motions are denied as moot.

A separate judgment shall be entered herein in accordance with Rule 58,

Federal Rules of Civil Procedure.

      SO ORDERED AND ADJUDGED this the 19th day of November, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE